UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER W. CLARK,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID NELSON, et al.,<br><br>  Defendants. | No. 2:16-cv-1106-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

### III. Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed for failure to state a claim. The complaint first alleges that the criminal defense offered by plaintiff's public defender violated plaintiff's Fifth, Sixth, and Fourteenth Amendment rights. The complaint also alleges that the Tehama County Community Crisis Response Unit held plaintiff for only 31 hours, when it was required to hold him for 72 hours, pursuant to section 5150 of the California Welfare and Institutions Code. Lastly, plaintiff claims that the Tehama County Jail Medical/Mental Health Records Department refused to acquire plaintiff's mental health records, thereby interfering with his not guilty by reason of insanity defense. The named defendants include David Nelson (plaintiff's public defender), the Tehama County Public Defender's Office, the Tehama County Community Crisis Response Unit, and the Tehama County Jail Medical/Mental Health Records Department. Plaintiff seeks damages as relief. As set forth below, the allegations fail to state a cognizable claim under the applicable standards.

First, plaintiff's court-appointed attorney cannot be sued under § 1983 based on the facts alleged here, *see Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions), and any potential claims for legal malpractice do not come within the jurisdiction of the federal courts, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).

Second, as a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show

3

that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). If plaintiff is claiming that his federal constitutional rights were violated and as a result he was convicted and incarcerated, plaintiff may not recover damages in this action unless he can prove that his conviction has been reversed.

Third, plaintiff fails to identify a claim for relief or otherwise show that Tehama County or its departments is liable under section 1983. A municipal entity is liable only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

Because the complaint references "deliberate indifference" in the context of an alleged early release from a mental health hold, the court also notes that to succeed on a claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.[1] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference

---

[1] Because any deliberate indifference claim appears to arise from the crisis unit's act of prematurely releasing plaintiff from involuntarily commitment, the claim would be governed by the Fourteenth Amendment rather than the Eighth Amendment. Regardless of whether the Eighth Amendment or the Fourteenth Amendment governs, the same legal standards apply. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010) (pre-trial detainee's failure-to-protect claim was governed by the same "deliberate indifference" standard as applies under the Eighth Amendment to convicted prisoners); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment . . . we apply the same standards.").

may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Tehama County Sheriff filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this

/////
/////
/////
/////

action for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 4, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE